UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENITTA O.,<br><br>                Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. C18-5881 BHS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DENIAL OF BENEFITS |

## I.     BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    ( ) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 57 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff: Left shoulder rotator cuff problems, left arm weakness, inability to raise arm above head. AR at 54.

Disability Allegedly Began: December 26, 2013

Principal Previous Work Experience: Preschool teacher, pharmacy clerk.

Education Level Achieved by Plaintiff: High school diploma, some college.

ORDER - 1

## II.     PROCEDURAL HISTORY—ADMINISTRATIVE

Before Administrative Law Judge ("ALJ"):

    Date of Hearing:  August 7, 2017

    Date of Decision:  November 13, 2017

    Appears in Record at:  AR at 15-23

    Summary of Decision:

        The claimant met the insured status requirements of the Social Security Act (the "Act") through December 31, 2017.

        The claimant has not engaged in substantial gainful activity since December 26, 2013, the alleged onset date.  *See* 20 C.F.R. §§ 404.1571-76.

        The claimant has the following severe impairments:  Left shoulder abnormality, status post surgery.  *See* 20 C.F.R. § 404.1520(c).

        The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

        The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with exceptions.  She can never climb ladders, ropes, or scaffolds.  She can occasionally reach overhead or laterally with her left, non-dominant arm.  She can frequently reach forward with her left arm.  She can occasionally push and pull with her left arm.  She can occasionally stoop, kneel, crouch, and crawl.  She can frequently climb ramps and stairs.  She can have occasionally exposure to extreme heat, cold, or excessive vibrations.  She must avoid hazards such as heights and machinery.

        The claimant is capable of performing her past relevant work as a pharmacy clerk or preschool teacher.  This work does not require the performance of work-related activities precluded by the claimant's RFC.  *See* 20 C.F.R. § 404.1565.

> The claimant has not been under a disability, as defined in the Act, from December 26, 2013, through the date of the ALJ's decision. *See* 20 C.F.R. § 404.1520(f).

Before Appeals Council:

    Date of Decision: August 30, 2018

    Appears in Record at: AR at 1-3

    Summary of Decision: Denied review.

### III.    PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one

rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff, as the claimant, bears the burden of proving she is disabled within the meaning of the Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

Whether the ALJ properly evaluated the opinions of Neville Lewis, M.D.

# VII. DISCUSSION

**A. The ALJ Harmfully Erred in Evaluating Dr. Lewis's Opinions**

Plaintiff contends the ALJ erred in discounting Dr. Lewis's opinions. Pl. Op. Br. (Dkt. # 7) at 2-4. The Court agrees.

Dr. Lewis was one of Plaintiff's treating doctors. *See* AR at 353-90, 396-408, 426-38. Dr. Lewis performed manipulation under anesthesia on Plaintiff's left shoulder on March 26, 2014, and December 9, 2014. *Id.* at 374, 388. Dr. Lewis also performed two arthroscopic surgeries on Plaintiff's left shoulder, the first of which occurred on July 9, 2014, and the second of which occurred on December 31, 2015. *Id.* at 358, 381-82. On April 5, 2016, Dr. Lewis determined that Plaintiff had reached maximum medical improvement.

Between April 23, 2014, and April 5, 2016, Dr. Lewis alternated between opining that Plaintiff could reach, work above her shoulders, keyboard, flex and extend her wrist, grip, and perform fine manipulation on a seldom (zero to one hour) basis, and opining that Plaintiff could perform those activities on an occasional (one to three hours) basis. *Id.* at 396-408. Dr. Lewis variously opined that Plaintiff could lift, carry, push, and pull between two and ten pounds occasionally with her left arm. *See id.*

The ALJ gave Dr. Lewis's opinions "moderate weight." *Id.* at 21. The ALJ explained that Dr. Lewis's restrictions on Plaintiff's use of her left arm "were fully considered in determining [Plaintiff's RFC]" throughout the disability period. *Id.* The ALJ noted that he further limited Plaintiff to "occasional overhead and lateral reaching with the left arm, with frequent forward reaching." *Id.*

The ALJ failed to adequately explain his determination. An ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record" to reject the opinion of an examining doctor when it is contradicted. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews*, 53 F.3d at 1042). The ALJ's determination that Plaintiff could frequently forward reach directly conflicts with Dr. Lewis's opinions, yet the ALJ gave no explanation for how he resolved this conflict. *See* AR at 21, 396-408. The ALJ's determination that Plaintiff could occasionally reach overhead and laterally is partially inconsistent with Dr. Lewis's opinions, yet again the ALJ gave no explanation for his determination. *See id.* The ALJ could not simply gloss over these conflicts by stating that he was giving Dr. Lewis's opinions "moderate weight." *See id.* at 21. The ALJ therefore erred in his evaluation of Dr. Lewis's opinions. *Cf. Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.") (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)).

The Commissioner argues that the ALJ's error is harmless because his RFC determination is supported by other unchallenged medical opinions, which constitute substantial evidence. *See* Def. Resp. Br. (Dkt. # 8) at 4-6. An error cannot be deemed harmless unless the Court "can confidently conclude that no reasonable ALJ, when fully crediting the [erroneously excluded evidence], could have reached a different disability determination." *Molina v. Astrue*, 674 F.3d 1104, 1116 (9th Cir. 2012). The

The ALJ failed to adequately explain his determination. An ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record" to reject the opinion of an examining doctor when it is contradicted. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews*, 53 F.3d at 1042). The ALJ's determination that Plaintiff could frequently forward reach directly conflicts with Dr. Lewis's opinions, yet the ALJ gave no explanation for how he resolved this conflict. *See* AR at 21, 396-408. The ALJ's determination that Plaintiff could occasionally reach overhead and laterally is partially inconsistent with Dr. Lewis's opinions, yet again the ALJ gave no explanation for his determination. *See id.* The ALJ could not simply gloss over these conflicts by stating that he was giving Dr. Lewis's opinions "moderate weight." *See id.* at 21. The ALJ therefore erred in his evaluation of Dr. Lewis's opinions. *Cf. Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.") (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)).

The Commissioner argues that the ALJ's error is harmless because his RFC determination is supported by other unchallenged medical opinions, which constitute substantial evidence. *See* Def. Resp. Br. (Dkt. # 8) at 4-6. An error cannot be deemed harmless unless the Court "can confidently conclude that no reasonable ALJ, when fully crediting the [erroneously excluded evidence], could have reached a different disability determination." *Molina v. Astrue*, 674 F.3d 1104, 1116 (9th Cir. 2012). The

Commissioner's argument fails to acknowledge that the ALJ may have weighed those other medical opinions differently had the ALJ correctly analyzed Dr. Lewis's opinions. The Court cannot definitively conclude that the ALJ would have reached the same conclusion had he correctly analyzed Dr. Lewis's opinions. *Cf. Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 (9th Cir. 2007) (holding that the ALJ's RFC assessment and step five determination were not supported by substantial evidence where the ALJ's RFC and hypotheticals to vocational expert failed to include all of the claimant's impairments). The ALJ's errors were therefore harmful.

**B.     Scope of Remand**

Plaintiff asks the Court to remand for an award of benefits. Pl. Op. Br. at 5-6. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the

claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand for further proceedings. Although the first step of the remand-for-benefits framework has been met, the second has not. Dr. Lewis's opinions are not entirely consistent with the other medical opinions in the record. *See, e.g.*, AR at 262, 285-86, 301-02, 396-408, 418-19. The Court cannot resolve these conflicts or translate the medical opinions into an RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (noting that the ALJ is responsible for translating the evidence into an RFC). The Court similarly cannot determine whether Plaintiff would necessarily be deemed disabled under the Medical-Vocational Guidelines (the "Grids"), as Plaintiff contends, because use of the Grids depends on the RFC. *See* 20 C.F.R. Part 404, Subp. P, App'x 2, § 200.00(c). Remand for further proceedings is therefore necessary. *See Leon*, 880 F.3d at 1047-48 (affirming the district court's remand for further proceedings rather than remand for an award of benefits where there were unresolved conflicts and ambiguities in the evidence).

On remand, the ALJ shall reevaluate Dr. Lewis's opinions, and conduct further proceedings as necessary to reevaluate the disability determination.

## VIII. ORDER

Therefore, it is hereby ORDERED that the Commissioner's final decision denying Plaintiff disability benefits is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 23rd day of April, 2019.

BENJAMIN H. SETTLE
United States District Judge